UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOFFREY HOCKMAN,
ROBERT D. FALOR, and
THE FALOR COMPANIES,

        Plaintiffs,

vs.

Case No. 07-CV-14268

HON. GEORGE CARAM STEEH

ROBERT C. SCHULER,

        Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION OF ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND GRANTING DEFENDANT'S MOTION FOR CLARIFICATION

On March 18, 2008, this Court entered an order (docket entry # 26) denying defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Defendant Robert Schuler has timely filed a motion for reconsideration of that order. For the reasons stated below, his motion for reconsideration must be denied but his motion for clarification shall be granted.

I.     DEFENDANT'S MOTION FOR RECONSIDERATION

In order to grant a motion for reconsideration, the "movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." Local Rule 7.1(g)(3). Defendant has failed to meet this burden.

In his motion, Schuler argues that this Court made erroneous findings of fact. Specifically, Schuler argues that the Court erred when it found that "Schuler maintains that he was an equity investor who from time-to-time assisted with the advancement of various projects." The Court cannot understand this objection as Schuler twice made this representation in pleadings filed here. In his original motion to strike Count II of the Complaint dated November 9, 2007, Schuler stated in his recitation of the facts that "[h]e was an equity investor who from time-to-time assisted with the advancement of the projects." (docket entry #7, p. 1). He made the same allegation in his amended motion to strike and motion to dismiss filed on November 12, 2007 where he stated, "Unrelated to his legal practice, Defendant was an equity investor who from time-to-time assisted with the advancement of the projects." (docket entry #8, p. 1).

Schuler also maintains that this Court erred when it found that Schuler was "invested in eight limited liability companies formed or administered by the plaintiffs either individually or in his capacity as sole member of Anwalt Hotel Holdings, LLC." This finding was based on the affidavit of plaintiff Geoffrey Hockman which states:

> During all periods relevant to this action, I conducted business in Birmingham, Michigan and oversaw the administrative activities of numerous limited liability companies in which defendant Robert Schuler and/or Anwalt Hotel Holdings, LLC ("Anwalt"), a limited liability company for which I believe Mr. Schuler is the sole member, is or was a member including South Beach Investors, LLC ("SBI") and South Beach Manager, LLC - - the managing agent for SBI. Defendant Schuler and/or Anwalt is a member of eight-limited liability companies which are, or were, administered through my office in Birmingham, Michigan.

(Docket entry #14, Exhibit 1, ¶ 3). When the motion to dismiss was pending before this Court, Schuler's affidavit did not contradict Hockman's assertions, but stated that he traveled to Michigan and "met with Mr. Hockman on these occasions in my capacity as

2

President of Anwalt Hotel Holdings, LLC, and not as an attorney." (Docket entry #21, ¶4). As part of his motion for reconsideration, however, Schuler has submitted a new affidavit, which asserts for the first time that he has "no ownership interest in any company formed, managed or administrated by Plaintiffs, Geoffrey Hockman, Robert Falor or the Falor Companies." (Docket entry #31, Exhibit 2, ¶ 1). He further avers that he is "not an investor in any company formed, managed or administrated by Plaintiffs, Geoffrey Hockman, Robert Falor or the Falor Companies." (Docket entry #31, Exhibit 2 ¶ 2). His affidavit also states that he has "no interest and am not an investor in South Beach Investors, LLC" and that he is "not the owner of or the sole member of Anwalt Hotel Holdings, LLC." (Docket entry #31, Exhibit 2 ¶ 3-4).

Schuler correctly points out that this Court found that personal jurisdiction over him exists based, in part, on his alleged interest in South Beach Investors, LLC (SBI). Based on the introduction of Schuler's new affidavit, which contradicts Hockman's affidavit, there now exists a genuine issue of material fact as to whether or not Schuler had an interest in SBI. This issue not only relates to the personal jurisdiction question but is at the crux of the malpractice claim itself. The question for this Court then is whether given this factual dispute, is it appropriate for this Court to exercise personal jurisdiction over Schuler.

The plaintiffs bear the burden of proving personal jurisdiction over Schuler. Neogen Corp. v. Neo Gen'l Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002). Where the court decides the issue of personal jurisdiction based on the written submissions alone, without conducting an evidentiary hearing, the plaintiffs need only "make a prima facie showing of jurisdiction." Id. (citing Compuware, Inc. v. Patterson, 89 F.3d 1257,

1262 (6th Cir. 1996)). Under these circumstances, the Sixth Circuit provides that the court "will not consider facts proffered by the defendant that conflict with those offered by the plaintiff" but "will construe the facts in the light most favorable to the nonmoving party." Id. (citing Serras v. First Tenn. Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989)).

In Serras, the Sixth Circuit carefully delineated the procedure trial courts must follow in ruling on motions to dismiss for lack of personal jurisdiction. 875 F.2d at 1214. As an initial matter, the Sixth Circuit explained that a Rule 12(b)(2) motion may be heard before trial, or may be deferred until trial. Id. If the court rules on the motion before trial, the trial court "may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." Id. (citations omitted). The plaintiff always bears the burden of proof, but the weight of the plaintiff's burden depends on whether the trial court rules on the written submissions or hears evidence on the issue - either pretrial or during trial. Where the court rules on the written submissions alone, the plaintiffs may not rest on their pleadings, but must answer the movant's affidavits with their own affidavits or other proofs to show by specific facts that the court has jurisdiction. Id. (citations omitted). When deciding a Rule 12(b)(2) motion based on written submissions, the court "must consider the pleadings and affidavits in the light most favorable to the plaintiff." Id. (citing Welsh v. Gibbs, 631 F.2d 436, 439 (6th Cir. 1980), cert. denied, 450 U.S. 981 (1981)).

A defendant may not "defeat personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged by a plaintiff." Id. Where the written

4

submissions raise disputed issues of fact, as is the case here, the court may order an evidentiary hearing to make credibility determinations and may order discovery for the parties to prepare for that hearing. Id. The burden of proof at the evidentiary hearing would be the same as at trial: by the preponderance of the evidence. "[E]ven if the court issues a pretrial order denying defendant's 12(b)(2) motion, the defendant may proceed to trial without waiving the defense." Id. The Sixth Circuit in Serras explained that when facts regarding personal jurisdiction are in dispute, there are times when it is better to decide the issue at trial rather than by evidentiary hearing. This is such a case. The Sixth Circuit noted that cases like the present one are better suited for a determination at trial. Particularly when the disputed jurisdictional facts are intimately intertwined with the parties' dispute on the merits, a trial court should not require plaintiffs to mount 'proof which would, in effect, establish the validity of their claims and their right to the relief sought.'" (citations omitted). The Sixth Circuit explained, "[i]n many cases, then, a district court may find sound reasons to rule, on the basis of written submissions, that the plaintiff has made her prima facie showing that the court has personal jurisdiction over a defendant, and to reserve all factual determinations on the issue for trial." Id.

In this case, plaintiffs have come forward with sufficient evidence, based on the written submissions, which include Hockman's affidavit, to make a prima facie showing of personal jurisdiction. Thus, this Court did not err in denying Schuler's 12(b)(2) motion pre-trial. As part of his motion for reconsideration, however, Schuler has submitted a new affidavit which directly contradicts Hockman's affidavit. At this juncture, the Court does not make a credibility determination as to which affidavit is to be considered.

5

Instead, this Court considers Hockman's affidavit in the light most favorable to the plaintiffs. The facts in dispute with regard to the personal jurisdiction issue, are intertwined with the issues for trial as to plaintiff's malpractice claim. Given this scenario, it is in the interests of judicial economy to delay until trial the factual determination as to whether personal jurisdiction exists. Despite the fact that this Court has entered its order denying Schuler's Rule 12(b)(2) motion, Schuler may proceed to trial without waiving the defense, and this Court may reconsider the issue at that time. Serras, 875 F.2d at 1214.

Schuler also argues that reconsideration is warranted because this Court erred in considering the participation agreement in its analysis of whether personal jurisdiction exists. Schuler merely reiterates arguments that this Court has already considered in its prior order finding that it may exercise personal jurisdiction over him. Finally, in his motion for reconsideration, Schuler argues that the exercise of personal jurisdiction over him is flawed because the alleged legal malpractice occurred in Ohio where the settlement agreement was entered. Once again, Schuler made this same argument in support of its motion to dismiss under Rule 12(b)(2), and this Court already considered and rejected that argument.

## II. DEFENDANT'S MOTION FOR CLARIFICATION

Schuler is concerned that this Court made factual findings which it disputes. Schuler has asked for clarification that the Court make clear certain statements in the Court's opinion are not to be taken as the factual findings of this Court. Schuler strenuously objects to this Court's statement of fact that he was an investor in SBI or in other companies administered by the plaintiffs. In contradiction of that finding, Schuler

submits a new affidavit stating that he has no interest and is not an investor in any of plaintiffs' companies. At the time this Court issued its opinion, however, this Court lacked the contradictory affidavit of Schuler. Having now reviewed that affidavit, this Court will amend its prior order to state that plaintiffs allege, with supporting affidavit, that Schuler was an investor in numerous limited liability companies formed or administered by plaintiffs, including SBI. These allegations should be understood to be contested and are not the factual findings of this Court. The allegation that Schuler was an investor in SBI or other companies administered by the plaintiffs are taken as true with respect to the Court's ruling on defendant's Rule 12(b)(2) motion only.

Schuler also objects to this Court's statement of fact that "Schuler was paid from a Michigan bank account overseen by Hockman." This fact was based on Hockman's affidavit in which he stated, "[t]he limited liability companies for which I have had administration responsibilities have sent defendant Schuler checks for compensation drawn off a Michigan bank." Schuler has not contradicted this assertion by affidavit or otherwise. For purposes of Schuler's 12(b)(2) motion only, this fact is construed in the light most favorable to the plaintiffs.

Schuler also objects to the Court's finding that "[i]n regard to this loan, Hockman and others in his Birmingham, Michigan office had contact with Schuler." This statement of fact derives from Hockman's affidavit wherein he avers, "The R&Z Plaintiffs lent money to the Falor Companies for use in connection with the activities of SBI and The Falor Companies. Defendant Schuler was acquainted with the R&Z Plaintiffs. In regard to this loan, myself and other individuals in my office in Birmingham, Michigan had contact with defendant Schuler." Schuler argues that this factual finding is improper

7

without discovery on the issue. For purposes of Schuler's 12(b)(2) motion, however, this fact is construed in the light most favorable to the plaintiffs.

Schuler also objects to the Court's statement that "[i]n 2006, plaintiffs failed to make the payments owing, and the R&Z plaintiffs executed the collateral." Schuler claims this is a significant point of contention in the underlying matter. Once again, this Court construes the fact in the light most favorable to the plaintiff for the purposes of the motion to dismiss only.

Schuler objects to the following language in the Court's opinion:

> Plaintiffs alleged that R&Z plaintiffs lent money to TFC for use in connection with one of the limited liability companies in which Schuler maintained an interest, namely SBI. Apparently, this was done in connection with the settlement of the lawsuit.

It is clear from this language that the Court is describing the plaintiff's "allegations" and that no judicial finding is being made.

Next, Schuler objects to the Court's statement that "since it appears to the court that the lawsuit and the investment activities are intertwined," because he claims that he had no interest in the lawsuit. Once again, the facts as written by this Court were limited to the Rule 12(b)(2) motion in which this Court construed all of the facts in the light most favorable to the plaintiff.

Schuler also vehemently disputes the Court's statement that "because his conduct as an attorney, and/or as an investor on the 'team,' allegedly caused Hockman's liability in Michigan pursuant to the underlying lawsuit." It is clear from the language of the statement itself that the Court is referring to the plaintiffs' allegations and is not making its own findings of fact. Thus, no clarification of that language is

8

needed.

Finally, Schuler claims that the Court erred in making a finding of fact that "[a]lthough those meetings may not have involved the underlying lawsuit per se, they involved Shuler's interest in SBI." The Court clarifies that the above is not the Court's finding of fact, but based on plaintiffs' pleadings and Hockman's affidavit, the Court takes plaintiff's allegation as true for purposes of the 12(b)(2) motion only.

III.   MOTION FOR INTERLOCUTORY APPEAL

Schuler has also moved for leave to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). In order to grant interlocutory appeal, Schuler must show that the Court's order denying his Rule 12(b)(2) motion "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Schuler has failed to show that such leave is warranted.

Accordingly,

IT IS ORDERED that Schuler's motion (docket entry #31) for reconsideration of the Court's order (docket entry #26) denying defendant's motion to dismiss for lack of personal jurisdiction hereby is DENIED.

IT IS FURTHER ORDERED that Schuler's motion (docket entry #31) for clarification hereby is GRANTED as set forth in the body of this order.

IT IS FURTHER ORDERED that Schuler's motion (docket entry #31) for leave to

file for interlocutory appeal (docket entry #31) this Court's order hereby is DENIED.


Dated: April 17, 2008

                                           S/George Caram Steeh
                                           GEORGE CARAM STEEH
                                           UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 17, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk