UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOFFREY HOCKMAN,
ROBERT D. FALOR, and
THE FALOR COMPANIES,

        Plaintiffs,

vs.

Case No. 07-CV-14268

HON. GEORGE CARAM STEEH

ROBERT C. SCHULER,

        Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER DENYING DEFENDANT'S MOTION
TO TRANSFER VENUE AND GRANTING
DEFENDANT'S MOTION FOR CLARIFICATION

On March 18, 2008, this Court entered an order (docket entry #25) denying defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Defendant Robert Schuler has timely filed a motion for reconsideration of that order. For the reasons stated below, his motion for reconsideration must be denied but his motion for clarification shall be granted.

I.    DEFENDANT'S MOTION FOR RECONSIDERATION

In order to grant a motion for reconsideration, the "movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." Local Rule 7.1(g)(3). Schuler has failed to show a palpable defect by which the court

has been misled. Most of Schuler's arguments merely reiterate his previous arguments which this Court duly considered. One exception is Schuler's argument now that this Court erred when it concluded that "Hockman never appeared in Cleveland or Columbus." Schuler asserts for the first time that Hockman did appear in Cuyahoga County for a deposition related to the underlying R & Z matter. That deposition occurred on September 27, 2007. Having considered this new fact, the Court does not find that it amounts to a "palpable defect by which the court and the parties have been misled" or that "correcting the defect" would require that this action be transferred. Accordingly, defendant's motion for reconsideration of the order denying his motion to transfer venue shall be denied.

## II.     DEFENDANT'S MOTION FOR CLARIFICATION

Schuler is concerned that this Court made factual findings which he disputes. Schuler has asked for clarification that the Court make clear that certain statements in the Court's opinion are not to be taken as the factual findings of this Court. Specifically, Schuler objects to five statements of the Court. Most of those statements derive from Hockman's affidavit. The first statement at issue is put forth below:

> He [Schuler] invested in eight limited liability companies formed or administered by the plaintiffs either individually or in his capacity as sole member of Anwalt Hotel Holdings, LLC (Anwalt). One of those limited liability companies was South Beach Investors, LLC (SBI).

The above statement derives from Hockman's affidavit which was not rebutted at the time this Court issued its opinion. Schuler has now submitted a new affidavit in which he asserts that he has no interest in SBI and is not the owner or sole member of Anwalt. Accordingly, the Court now clarifies that the above is not a judicial determination but the

2

affidavit testimony of Hockman.

The second statement is, "Schuler maintains that he was an equity investor who from time-to-time assisted with the advancement of various projects." The Court finds no need to clarify this statement given that Schuler twice put forth that he "was an equity investor who from time-to-time assisted with the advancement of various projects." He first made the allegation in his motion to strike filed on November 7, 2007, (docket entry #7, p. 1), and he made the same allegation in his amended motion to strike and motion to dismiss filed on November 12, 2007 where he stated, "Unrelated to his legal practice, Defendant was an equity investor who from time-to-time assisted with the advancement of the projects." (docket entry #8, p. 1). Given that Schuler made the statements in his own pleadings, the Court has no need to clarify the above quoted provision. Next, the Court considers the statement:

> Schuler, acting through Anwalt, agreed to provide the following services to plaintiffs via their participation agreement:
>
> ***
>
> Under the express language of the participation agreement quoted above, plaintiffs allege that Schuler agreed to provide legal services.

Since Schuler has submitted a new affidavit claiming that he is not the sole member of Anwalt which contradicts Hockman's affidavit, the Court will clarify that the above language from the Court's order is meant to be plaintiffs' allegations only and not the judicial findings of this Court.

Furthermore, Schuler claims the following language should not be construed as judicial findings of this Court: "[i]n regard to this loan, Hockman and others in his Birmingham, Michigan office had contact with Schuler." This finding was taken from

3

Hockman's affidavit wherein he states, "[t]he R&Z Plaintiffs lent money to The Falor Companies for use in connection with the activities of SBI and The Falor Companies. . . In regard to this loan, myself and other individuals in my office in Birmingham, Michigan had contact with defendant Schuler." Schuler has not come forward with an affidavit or other evidence refuting Hockman's affidavit. Thus, for purposes of the motion to transfer venue only, plaintiffs' allegations that Hockman had contact with Schuler regarding the loan stands uncontradicted and may be taken as the findings of this Court. Schuler remains free to contest his contact with Hockman concerning the loan at trial, in any dispositive motion, or any other proceeding before this Court.

Finally, this Court considers the following statement, "[i]n 2006, plaintiffs failed to make the payments owing, and the R&Z plaintiffs executed the collateral." Schuler maintains that this is a significant point of contention in the underlying matter which will have a substantial impact on this case. Having carefully reviewed the record, it appears that this statement is an allegation of the Second Amended Complaint. ¶ 24. The Court hereby clarifies that the above statement is plaintiffs' allegation only, and is not the finding of this Court.

III.    DEFENDANT'S MOTION FOR INTERLOCUTORY APPEAL

Schuler requests that this Court certify the question of whether venue should be transferred for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). In order to certify the issue for interlocutory appeal, this Court must find that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Schuler has failed to meet his burden; thus, his

4

request for interlocutory appeal must be denied.

Accordingly,

IT IS ORDERED that Schuler's motion for reconsideration of the Court's order denying defendant's motion to transfer venue (docket entry #32) hereby is DENIED.

IT IS FURTHER ORDERED that Schuler's motion for clarification (docket entry #32) is GRANTED as set forth in the body of this order.

IT IS FURTHER ORDERED that Schuler's motion for leave to file for interlocutory appeal (docket entry #32) of this Court's order hereby is DENIED.

Dated: April 22, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 22, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---