UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOFFREY HOCKMAN, ROBERT D. FALOR
AND THE FALOR COMPANIES, an Illinois
Corporation,

        Plaintiffs,

vs.

Case No. 07-CV-14268
HON. GEORGE CARAM STEEH

ROBERT C. SCHULER,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND SANCTIONS

This legal malpractice action arises out of defendant Robert Schuler's alleged mishandling and settlement of a lawsuit brought against plaintiffs Geoffrey Hockman, Robert D. Falor, and The Falor Companies. Schuler moves for summary judgment based on the doctrine of judicial estoppel and also for sanctions against plaintiffs Geoffrey Hockman, Robert D. Falor, and The Falor Companies and Plaintiffs' counsel for alleged bad faith conduct. A hearing on the motions was held on September 4, 2008. For the reasons set forth below, Schuler's motions will be DENIED.

### I. BACKGROUND

This lawsuit focuses on whether Schuler served as attorney for Plaintiffs and if so, whether Schuler engaged in malpractice, negligence and breach of fiduciary duties to Plaintiffs. Plaintiffs Falor, Hockman, and The Falor Companies were all involved in

the business of acquiring and renovating hotel properties.  Schuler is an attorney licensed to practice in Ohio and was an investor in eight limited liability companies formed and/or administered by Plaintiffs.  Schuler was also involved in the administration of these limited liability companies, and at various times provided legal services to these entities.

On June 14, 2005 a group of investors ("R&Z") filed suit against Plaintiffs on a delinquent loan made to South Beach Investors, LLC - one of the limited liability companies in which Schuler allegedly had an interest.  Plaintiffs claim that Schuler approached them and offered to "work it out" in regard to the lawsuit since he was a member of the "team."  A Settlement Agreement was eventually agreed upon whereby Plaintiffs would pay R&Z $1.5 million dollars in timed payments.  Plaintiffs would also place collateral into escrow which R&Z could execute upon as security.  Plaintiffs claim that Schuler advised them that in the event of default, this collateral would serve in lieu of further payment.  After $200,000 had been payed to R&Z, Plaintiffs defaulted and R&Z executed upon the collateral.  However, R&Z then claimed that Plaintiffs owed them an additional $1.3 million and obtained a Judgment to that effect in Ohio, notwithstanding the fact that based on the Settlement Agreement, any indebtedness to R&Z had supposedly been satisfied.  Plaintiffs did not contest R&Z's attempt at seeking the Judgment in Ohio court, allegedly based on Schuler's advice.

In late August/early September of 2006, R&Z began collection proceedings against Hockman in Oakland County Court, Michigan, culminating in a Writ of Execution obtained in January of 2007.  Based on his belief that these collection proceedings were improper, Hockman filed a Motion to Quash the Writ of Execution, To Deem the

Judgment Satisfied and for an Ex Parte Order Enjoining Action Under the Writ.  In support of this Motion, Hockman submitted an Affidavit on February 1, 2007 which stated:

> **These proceedings arise out of Judgment entered against me in Cuyahoga County, Ohio Common Pleas Court. I did not defend the action nor was [I] represented by counsel in regard to that action.**

Judge Andrews, who was assigned to hear this Motion in Oakland County, issued an Order Staying Proceedings to allow Hockman to return to Ohio to seek a ruling regarding his position that the debt to R&Z had already been satisfied.  To date, the Ohio court has issued no ruling on whether the debt to R&Z has already been satisfied.

Plaintiffs' Complaint against Schuler in this court alleges negligence, breach of fiduciary duty and malpractice based on Schuler's acts and omissions during the initial settlement of the R&Z lawsuit and subsequently, during R&Z's successful attempt to seek Judgment for the additional $1.3 million.

In support of his pleadings in this lawsuit, Hockman submitted an Affidavit in which he states:

> **Mr. Schuler represented my interests and those of Robert Falor and The Falor Companies in negotiating and drafting the settlement agreement in the Underlying Action.  It is my understanding that defendant Schuler served as my attorney in regard to these matters.**

Schuler alleges that Hockman's position in the two Affidavits is clearly contradictory, and summary judgment should be granted for all claims on the basis of judicial estoppel.  Furthermore, Schuler seeks to sanction Hockman and his counsel for their alleged unreasonable actions and bad faith conduct in pursuing this lawsuit.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

### III. ANALYSIS

#### A. Judicial Estoppel

Schuler has not satisfied the requirements for judicial estoppel. As recognized by both Plaintiffs' and Defendant's briefs, the three principal factors to be considered by a court when asked to invoke judicial estoppel are: 1) whether a party's later position is clearly inconsistent with its earlier position; 2) whether the party has succeeded in persuading a court to accept that party's earlier position so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; and 3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair treatment on the opposing party if not estopped. New Hampshire v. Maine, 532 U.S. 742, 744 (2001). Judicial estoppel is not a tool to be taken lightly; it should be "applied with caution to avoid impinging on the truth seeking function of the court." Teledyne Indus. Inc. v. N.L.R.B., 911 F.2d 1214, 1218 (6th Cir. 1990). Rather, the federal courts rely

5

extensively on impeachment during cross-examination to deter parties from contradicting their earlier statements. Id.

The Sixth Circuit added detail to the first factor by holding that the party charged must have "unequivocally" asserted the contrary position in a prior proceeding, for judicial estoppel is meant to prevent "intentional inconsistency." Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 (6th Cir. 2002). Schuler alleges that Hockman's statements in the two Affidavits are "blatantly contrary" to each other and that in doing so, Hockman is "playing fast and loose with the courts." Although this court agrees that one may reasonably concur with Schuler and conclude that the two Affidavits contradict each other, it is just as reasonable to agree with Plaintiffs' contention that Hockman's statements are all factually correct. In his February 1, 2007 Affidavit, Hockman states that he "did not defend the action" nor was he "represented by counsel in regard to that action." Taking Plaintiffs' assertions to be true, Hockman was never served with the Summons and Complaint of the original R&Z lawsuit, never defended the lawsuit or the subsequent entry of Judgment, and never had counsel of record during this period of time.

Conversely, Hockman stated in his November 30, 2007 Affidavit that Schuler "represented my interests" in "negotiating and drafting the settlement agreement" and that it was Hockman's "understanding that defendant Schuler served as my attorney in regard to these matters." It is alleged that Schuler performed a variety of legal services in regard to the formation of the Settlement Agreement including negotiating the terms of the agreement, revising the language, and instructing the Plaintiffs to execute the agreement. As Schuler is a licensed attorney, it was reasonable for Hockman to

assume that his interests were being represented by Schuler. This does not necessarily mean that Schuler was also serving in the capacity of Hockman's litigation counsel; for example, being responsible for filing an appearance in court on Hockman's behalf. Hence, there is no unequivocal contradiction between the two Affidavits. Schuler argues that Plaintiffs' attempt at distinguishing between the two Affidavits is nothing more than a desperate reliance on semantics. Although the distinction between the two Affidavits is murky, Hockman's statements are sufficiently ambiguous such that this Court is unconvinced that Hockman unequivocally and intentionally took two different positions in his Affidavits. Even though the issue of whether the two Affidavits contradict each other is a close question, a genuine issue of material fact remains. Schuler is free to cross-examine Hockman at trial instead of having the matter prematurely disposed of through summary judgment.

Furthermore, Schuler has not persuaded this court that Hockman's earlier position has been accepted by another court. Although Schuler points to language in Judge Andrews' Ex Parte Order Enjoining Action which suggests that Hockman's February 1, 2007 Affidavit was accepted by Judge Andrews, Plaintiffs' counsel has submitted an Affidavit of her own stating that Judge Andrews never considered the February 1st Affidavit. These directly contradicting positions require a determination of credibility, and this court may not make such determinations in deciding a motion for summary judgment. As a result, summary judgment is premature and further discovery on this matter is required.

As Schuler has not met his burden of showing that Plaintiff's position has been accepted by another court, the claim that Hockman will derive an unfair advantage from

7

his alleged contradicting positions if judicial estoppel is not granted is unconvincing. Schuler will also not suffer unfair treatment if this court refuses his request for judicial estoppel. The Sixth Circuit has cautioned against the use of judicial estoppel because the doctrine precludes an examination of the "truth" of supposedly contradicting statements. Teledyne, 911 F.2d at 1218. Once again, Schuler is free to cross-examine Hockman at trial in regard to the "truth" of his supposedly contradicting positions.

### B. Sanctions

Sanctions against a party or counsel are a drastic measure and should be reserved for "bad faith, unreasonable and vexatious conduct." 28 U.S.C. § 1927. Schuler has not convinced this court that Hockman or his counsel have acted in such a manner. As explained above, it is reasonable to accept Plaintiffs' position that the statements made in the two Affidavits are factually correct; hence, there is no clear evidence of ethical impropriety. Furthermore, the Motion for Sanctions against Plaintiff that was filed in Ohio and cited by Schuler bears no weight on this court's opinion, as that Motion has yet to be decided and is being vigorously contested by Plaintiff.

## IV. Conclusion

It is possible that with further discovery, additional evidence will be uncovered in support of Schuler's arguments. However, since Schuler currently has not met his burden of satisfying the requirements for applying judicial estoppel, Schuler's motion for summary judgment (Doc. 37) is hereby DENIED. Furthermore, Schuler's motion for

sanctions (Doc. 37) is hereby DENIED.

SO ORDERED.

Dated: September 9, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 9, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk